IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUCAS WILLIAMS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-26-31-SLP |
| SERGIO JIMENEZ, KEVIN C. McCLANAHAN, CARMEN PACHECO, DAWN HILL-KEARSE, and WAVNY TOUSSAINT, | ) ) ) ) ) ) ) |
|     Defendants. | ) |

**O R D E R**

Plaintiff, appearing pro se, has filed a Complaint [Doc. No. 1] against five individual Defendants. The Complaint's allegations are sparse. Plaintiff identifies no federal statutory basis for his claims. He makes a vague allegation that "Defendants conspired with individuals in LT-325749-22/KI, in which the next court appearance is scheduled for 2/4/26 before Defendant Sergio Jimenz." He further alleges that "[a]ll defendants conspired together in violation of due process." No other allegations are made.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing

arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

The only possible basis for the Court's exercise of subject matter jurisdiction is pursuant to 28 U.S.C. § 1331 based on Plaintiff's reference to a "due process" violation. But the factual allegations are too threadbare to decipher the basis for any claim premised on such a violation. Thus, the Complaint is subject to dismissal on jurisdictional grounds.

The Court has also considered whether the Complaint should be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, . . . [but] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Pro se litigants are not excused from meeting these minimal pleading requirements. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action sua sponte for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161, n. 2 (10th Cir. 2007)). Here, Plaintiff fails to identify with any clarity the factual or legal bases for

his claim(s). Accordingly, the Complaint is alternatively subject to dismissal for failure to comply with the requirements of Rule 8.

IT IS THEREFORE ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 9th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE